IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 07-12-H-CCL-02 |
| Plaintiff, | |
| -vs- | ORDER |
| TODD JEREMY RICE, | |
| Defendant. | |

*******

The Court referred the Petition for Revocation (Doc. 99) for hearing, findings of fact, and recommendation to Magistrate Judge Keith Strong by order filed on July 9, 2011 (Doc. 104).[1] Pending now before the Court is the Report of Findings & Recommendations ("F&R") filed by Magistrate Judge Keith Strong on July 20, 2011 (Doc. 111). The Defendant has filed an objection to the F&R (Doc.

---

[1] *See* 18 U.S. C. §3401(i).

114).

## I. Background

The following facts are taken from the F&R:

> Defendant, Mr. Rice, was convicted of Scheme to Defraud Mortgage Companies/Wire Fraud under 18 U.S.C. § 1343 and was sentenced to one year incarceration and five years supervised release by Senior U.S. District Judge Charles C. Lovell on February 28, 2009. (C.D. 55). Mr. Rice's supervised release was revoked for the first time on March 19, 2010, for possession of methamphetamine and Oxycontin pills. (C.D. 96). He was sentenced to ten months incarceration followed by fifty months supervised release. (C.D. 96). A second petition for revocation of Mr. Rice's supervised release was filed on July 6, 2011, alleging Mr. Rice tested positive for Hydromorphone at a June 24, 2011 urinalysis, and failed to report for drug testing on July 4, 2011. (C.D. 99). Upon petition of the United States Probation Officer and his supervisor requesting Mr. Rice's supervised release be revoked and upon a finding of probable cause to do so, the undersigned issued an arrest warrant for Mr. Rice. (C.D. 100).

(Doc. 111 at 1-2.)

The F&R was filed on July 20, 2011, and it recommends that this Court find the Defendant has violated two conditions of his supervised release. The objection was filed on August 5, 2011.

**II. Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The district judge must review the magistrate judge's findings and recommendations de novo if objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). If an objection is made, the court reviews de novo only the portion to which the objection was made, the remainder is reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). An objection having been made, this Court reviews the F&R accordingly.

**III. Discussion**

Defendant objects to the Magistrate Judge's "recommended disposition" (Doc. 114 at 2), which recommendation is for revocation of supervised release and sentencing to a term of 10 months incarceration and a 40-month term of

supervised release. (Doc. 111-1.) This leaves it unclear what exactly Defendant Rice is objecting to: the recommendation to revoke, the recommendation for a 10-month term of incarceration, or the recommendation for a 40-month term of supervised release. However, in his objection/allocution letter to the Court (Doc. 114-1), Defendant Rice focuses on a factual dispute that was the subject of significant testimony at the July 14, 2011, hearing: whether or not Defendant Rice violated his supervision by unlawfully possessing a controlled substance. That was the first alleged violation in the petition. Defendant also adds that he did call in for a urine test on the morning of July 4, 2011, thereby referencing the second violation alleged by the petition. Defendant therefore invites the Court's attention to the two factual disputes between the parties that underlie the Magistrate Judge's recommendation in favor of a decision to revoke the current term of supervised release.

In his objection/allocution letter, Defendant Rice explains that in June, 2011, he must have accidentally ingested an old hydrocodone pill obtained by means of a January 25, 2010, prescription written by his treating physician, Dr.

Weinert, for the prescription drug Norco (generic formula). *See* Def. Exhibit B. Norco is a brand name of a prescription drug that consists of acetaminophen (325 mg.) and hydrocodone (10 mg.), the latter of which is an opiate and a Schedule III controlled substance. According to Defendant, this accidental ingestion explains why on June 24, 2011, he told USPO Wes Estep that he had not taken Norco in the last month (because he simply did not know that he had done so), and this also explains why his urine sample on that day tested positive for hydrocodone. Rice's explanation is that he was simply unaware that he had taken Norco in the month of June, 2011.

Defendant's explanation, if accepted by this Court, would require the Court to believe that when Rice takes this opiate medication, he cannot feel the effect of it. Furthermore, USPO Estep testified that the prescribing physician, Dr. Weinert told USPO Estep that, as of June 2011, Defendant did not need any pain medication for lower back pain and that the 2010 prescription for Norco was no longer an active prescription. In addition, according to Defendant's own testimony, the April 2010 Norco prescription (90 pills total) would have been

consumed (at the rate of one or two pills each day) at least by or about March 2011. Defendant Rice testified that he took one or two hydrocodone pills each day as needed for pain. Even assuming that Defendant did not begin using this prescription until he was released from custody in December 2010, this 90-pill prescription would have been consumed within about 45-90 days, long before June 2011.[2]

There are other reasons for disbelieving such a weak explanation. USPO Estep testified that since Defendant's last revocation hearing in 2010, Defendant Rice has been dishonest on several occasions and USPO Estep could not locate Defendant on several occasions at the place Defendant claimed to be. Also,

---

[2] Unaccountably, this prescription was filled on April 7, 2010, when Defendant Rice was in federal custody. (*See* Doc. 88, which shows that Defendant was arrested on February 16, 2010. He was formally ordered detained after making his initial appearance on February 18, 2010. He was sentenced to 10 months incarceration on March 19, 2010, and he was thereupon remanded to custody.) Thus, it is unclear who actually purchased the prescription and who actually used this 90-pill supply of Norco, but Ms. Laura Peppenger, Defendant's girlfriend, testified on July 14, 2011, that she picks up prescriptions from the pharmacy for the Defendant.

Defendant has a history of illegal drug use and illegal possession of prescription drugs: at Defendant's March 2010 revocation hearing, Defendant Rice admitted that he was in possession of prescription opiates without a valid prescription and the Court so found. At that time, the Court also found that Defendant violated his conditions by testing positive for methamphetamine. Dr. Weinert's 2011 opinion that Defendant Rice had no medical need for opiates in June 2011, and the fact that Defendant has illegally possessed opiates in the past, are facts that tend to support the government's argument that Defendant Rice is addicted to prescription pain pills. After reviewing all these facts and circumstances, this Court finds by a preponderance of the evidence that Defendant Rice did illegally possess a controlled substance on June 24, 2011, when he provided the sample that tested positive for hydrocodone and hydromorphone.

    As to the second alleged violation, Defendant states in his objection/allocution letter that he did in fact call in to the Boyd Andrews Pre-Release Center on July 4, 2011, and that when he called in he was told that he did not need to report in for the purpose of submitting to a urine test. Defendant's

girlfriend, Ms. Peppenger, testified that she heard Defendant's side of that telephone conversation. After having listened to the taped testimony of Defendant Rice and Ms. Peppenger, the Court agrees with the Magistrate Judge that their testimony is not credible. The Court concludes that Defendant Rice did fail to report for drug testing as required on July 4, 2011.

In conclusion, this Court agrees with Magistrate Judge Strong's findings that "Defendant violated the standard condition of his supervised release prohibiting him from possessing a controlled substance by testing positive for Hydromorphone, a prescription drug for which he did not have a current prescription, on June 24, 2011." (Doc. 111 at 4, ¶ 1.) This Court also agrees with Magistrate Judge Strong's finding that "Defendant violated the standard condition of his supervised release requiring him to participate in substance abuse testing by failing to report for drug testing as required on July 4, 2011." (Doc. 111 at 4, ¶ 2.)

### IV. Revocation Determination and Sentence

The Court therefore finds by a preponderance of the evidence that

Defendant violated two conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(3). Defendant's supervised release should be, and hereby is, revoked, and Defendant Rice should be resentenced.

The Magistrate Judge notified the parties that the U.S.S.G. Chapter 7 guideline range is 4-10 months incarceration, following by a term of supervised release of up to 50 months less the custody time actually imposed. Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct.

During allocution before Magistrate Judge Strong on July 14, 2011, Defendant Rice requested (in the event of revocation) that the Court impose a sentence of time served and a term of supervised release as deemed necessary. In the event that this Court were to decide to sentence above the Chapter 7 guideline range, however, the Defendant made the alternative request that no supervised release be imposed to follow the custody sentence. The government requested that the Court impose the statutory maximum available prison term of thirty-six months and no term of supervised release follow. Both parties were informed by

the Magistrate Judge that they could request further allocution before this Court. No request for further hearing has been made by either party, although Defendant did submit a sentencing letter by way of objection. (Doc. 114-1.)

Having considered the allocution of the Defendant, the arguments of counsel for the Defendant and the government, and the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and all the record in this case, the Court finds that the appropriate sentence should be as recommended by Magistrate Judge Strong: a custody term of 10 months imprisonment followed by a 40-month term of supervised release on the same conditions imposed previously by this Court. The Court adopts Magistrate Judge Strong's Findings & Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Magistrate Judge Strong and the United States Probation Office.

Done and dated this 1st day of September, 2011.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE